IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VIRGINIA DAVIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12cv710 |
| | § | |
| UNITEDHEALTHCARE INSURANCE COMPANY, INC. | § § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Plaintiff's Motion for Remand (Dkt. 9). In her motion, Plaintiff argues that Defendant's removal of this matter was untimely and thus the matter should be remanded. As set forth below, the motion should be DENIED.

Plaintiff originally filed this case against United Healthcare Corporation in the 8th Judicial District of Hopkins County, Texas on August 6, 2012. *See* Dkt. 4. Defendant removed the case to this Court on November 9, 2012. *See* Dkt. 1.

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and

1

may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Thus, the Court must determine when Defendant through service or otherwise received the initial pleading upon which the case was removed – Plaintiff's Original Petition for Summary Judgment. *See* Dkt. 1-2. According to the state court citation, Defendant was mailed a copy of Plaintiff's Original Petition for Summary Judgment on October 5, 2012 via certified mail. *See* Dkt. 1-3. Defendant claims that it received the document on October 10, 2012, as evidenced by a received stamp on the document. *See* Dkt. 1-3. Plaintiff has not offered any evidence that would controvert this date of receipt, and the October 10, 2012 delivery date is confirmed in United States Postal Service's online records for the delivery date of the certified mail number listed on the citation. Thirty days after October 10, 2012 was November 9, 2012. Defendant filed its notice on that date, as is required by the statute. Therefore, the removal was timely, and the Court will not remand the case based on Plaintiff's allegations.

Plaintiff's Motion for Remand (Dkt. 9) should be DENIED. Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

2

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of January, 2013.**

                                              _____
                                              DON D. BUSH
                                              UNITED STATES MAGISTRATE JUDGE